UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLA C. ALFARO BRITTANY, | No.  2:26-cv-02166-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| CHILD SUPPORT SERVICES, | |
| Defendant. | |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's application makes the showing required by 28 U.S.C. § 1915 so her motion to proceed in forma pauperis will be granted.

**I.      Legal Standards**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

---

[1] Actions in which a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

(2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The federal courts are courts of limited jurisdiction, and a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

## II.     Analysis

The gravamen of plaintiff's complaint appears to be her concern about "a child…who was given to some leisbans (sic)." ECF No. 1 at 5.  For relief, plaintiff requests "$25,000 to make sure

she properly placed in a good home." Id. Although plaintiff has checked the box for "federal question" on the form complaint (Id. at 3) she merely lists "civil rights placed in the proper safe care of child support service" as the basis for federal question jurisdiction. Id. at 4.  It appears that the court does not have jurisdiction over this action, as plaintiff does not assert any federal claims against the defendant, and there is no diversity of citizenship jurisdiction because both plaintiff and defendant are citizens of California.  See McDaniel v. Hinch, No. 2:17-cv 02448-KJM-CKD (E.D. Cal. July 11, 2018) ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction").

### III.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your complaint is being dismissed because it fails to state a claim. However, you are being given the chance to fix the problems identified in this order by filing an amended complaint. If you wish to file an amended complaint you must clearly explain why the court has jurisdiction over your complaint.

### IV.    Conclusion and Order

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure

and the Local Rules of Practice. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 17, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKDBrittany.2166.screen

4